UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 05-11761-RCL

ROBERT DOWNER and
NANCY DOWNER,

       Plaintiff,

v.

TOWN OF BURLINGTON, ROBERT
MERCIER, individually and in his capacity as
Town Manager, FRANCIS HART,
individually and in his capacity as Chief of
Police, and HARRY SAWYER,

       Defendants.

MEMORANDUM OF LAW IN
SUPPORT OF DEFENDANTS'
MOTION TO DISMISS FIRST
AMENDED COMPLAINT

STATEMENT OF FACTS[1]

The Plaintiff, Robert Downer (hereinafter, "Downer") is an individual who in 1985

commenced employment with the Town as a full-time police officer.  First Amended Complaint,

¶ 1.  In 1996, Downer was promoted to the rank of Sergeant.  First Amended Complaint, ¶ 7.  In

early 2000, Sawyer filed a formal complaint with the Town's Police Chief, requesting that the

Town conduct an investigation into comments of a sexual nature that Downer made about

Sawyer.  First Amended Complaint, ¶ 36.  In August 2001, after conducting an extensive

investigation and multiple days of hearing, the Town, through Mercier, demoted Downer to the

position of patrol officer for a host of rules violations.  First Amended Complaint, ¶ 51.  Downer

appealed the Town's discipline to the Massachusetts Civil Service Commission (hereinafter, "the

Commission").  First Amended Complaint, ¶ 53.  After many days of hearing and receipt of

---

[1] The facts recited herein are taken from the averments in the First Amended Complaint, and are accepted as true for the purposes of this motion only.  See Coyne v. Somerville, 972 F.2d 440, 442-443 (1st Cir. 1992).

briefs from both Downer and the Town, the Commission overturned the Town's disciplinary sanction. First Amended Complaint, ¶ 55. Downer filed the instant action on August 24, 2005, alleging that the Defendants violated Downer's First Amendment rights, in contravention of G.L. c. 12, §11I and 42 U.S.C, § 1982. First Amended Complaint, ¶¶ 84, 87. Downer further alleges that the Defendants interfered with his contract of employment and caused his wife a loss of consortium, and Defendants Hart, Sawyer, and Mercier have intentionally inflicted emotional distress upon him, defamed he and his wife, and conspired against him.

On May 16, 2006, the Court (Lindsay, J) granted the Defendants' Motion To Dismiss subject to the Plaintiff being given leave to amend his complaint. The motion was granted insofar as the complaint alleged retaliation in the form of demotion to the position of patrol officer. The Plaintiff was granted leave to allege specific acts of retaliation that have occurred during the period within the statute of limitations.

II.    ARGUMENT

A.    MOTION TO DISMISS STANDARD

Under Fed.R.Civ.P. 12(b)(6), a complaint must be dismissed if it fails to state a claim upon which relief may be granted against the Defendants. A plaintiff must set forth "'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" Roth v. United States, 952 F.2d 611, 613 (1st Cir. 1991) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)). The plaintiff cannot rely upon "subjective characterizations or unsubstantiated conclusions." Fleming v. Lind-Waldock & Co., 922 F.2d 20, 23 (1st Cir.1990).

B.    ANY CLAIMS UNDER G.L. c. 12, § 11I AGAINST THE DEFENDANTS
RELYING ON EVENTS OCCURRING PRIOR TO AUGUST 24, 2002, ARE
BARRED BY THE STATUTE OF LIMITATIONS

The statute of limitations governing civil rights claims requires that the action be

commenced within the three (3) years following the date when the cause of action accrues.  See

G.L. c. 260, § 2A.  G.L. c. 260, § 2A provides in relevant part as follows:

> "Except as otherwise provided, actions of tort…to recover for
> personal injuries…shall be commenced only within three (3) years
> next after the cause of action accrues."  See G.L. c. 260, § 2A.

The genesis of Downer's claim is the disciplinary sanction imposed by the Town

demoting him from sergeant to patrolman in August 2001.  Everything the Plaintiff needed to

know to file a cause of action under § 11I, he knew when he received notice of the discipline on

August 9, 2001.  The proverbial clock began to run on the Plaintiff's claim on August 9, 2001,

and expired three (3) years hence on August 9, 2004.  Likewise, any statements that the Plaintiff

attributes himself making which he alleges were the impetus behind the Defendants' alleged

retaliation and which form the basis for a claim under G.L. c. 12, § 11I similarly accrued on

August 9, 2001, and are similarly barred from the Court's consideration in light of the Plaintiff's

untimely filing.

Downer, in detail, goes through various alleged issues he pontificated upon in the instant

Amended Complaint that he alleges amount to protected speech.  Among them are his statements

critical of the Town's DARE program, his criticisms of the Town's Police Department, its

practices, and its officers.  According to the Plaintiff these comments, in part, resulted in his

demotion in August 9, 2001.  As such, the Plaintiff had three (3) years from that date on which to

assert that his comments and the resulting discipline amounted to an abridgement of his First

Amendment rights.  The Plaintiff, however, failed to do so and this failure is ultimately fatal to

the instant claim. The Plaintiff did not file the instant cause of action until August 24, 2005, more than one (1) year beyond the expiration of the lengthy three (3) year statute of limitations.

C.    COUNT I SHOULD BE DISMISSED AS TO THE TOWN, MERCIER, AND HART IN THEIR OFFICIAL CAPACITIES AS THEY ARE NOT SUBJECT TO SUIT UNDER c. 12, § 11I

The Town is a duly constituted municipal organization organized under the laws of the Commonwealth of Massachusetts. A municipality is not a "person" within the meaning of § 11I and is therefore not subject to suit under that section. See Howcroft v. Peabody, 51 Mass.App.Ct. 573, 593 (2001). This is also true for individual defendants sued in their official capacities. See Id. Thus, only Mercier, Hart, and Sawyer in their individual capacities are subject to liability under Count I.

To make out a claim under the Massachusetts Civil Rights Act (hereinafter, "MCRA") against Mercier, Hart, and Sawyer, Downer must show an interference or attempted interference with the exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of Massachusetts, by means of "threats, intimidation, or coercion." Id. quoting Swanset Dev. Corp. v. Taunton, 423 Mass. 390, 395 (1996). Plaintiff asserts that the right in question was his right to free speech.

D.    PLAINTIFF HAS FAILED TO MAKE OUT A FIRST AMENDMENT CLAIM AGAINST MERCIER, HART, AND SAWYER IN THEIR INDIVIDUAL CAPACITIES

Notwithstanding the timeliness argument set out by the Defendants above, they shall nonetheless address the merits of the Plaintiff's claims that his statements enumerated in his First Amended Complaint is speech by a citizen upon matters of public concern. First Amended Complaint, ¶ 31.

In order to make out a claim against Mercier, Hart, and Sawyer individually for deprivation of his right to free speech, Downer must demonstrate that the speech at issue involved "matters of public concern."  Mullin v. Town of Fairhaven, 284 F.3d 31, 37-38 (1st Cir. 2002) quoting Connick v. Myers, 461 U.S. 138, 147-48 (1983).  The inquiry into the protected status of speech is one of law, not fact.  Connick, 461 U.S. at 148 n.7.   As the United States Supreme Court has aptly stated, "[w]hen a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior."  Id. at 147.

This precedent was expounded upon recently by the Court in Garcetti, et al., v. Ceballos, 547 U.S. ___ (2006).  There, the Respondent had been employed since 1989 as a deputy district attorney when, in February 2000, a defense attorney contacted him about a pending criminal case and various inaccuracies in an affidavit used to obtain a search warrant in the case.  The Respondent examined the affidavit, determined the affidavit contained serious misrepresentations, and subsequently prepared a disposition memorandum which recommended dismissal of the case.  In spite of the memo, the Respondent's supervisor proceeded with the prosecution.  Thereafter the Respondent alleged that he was the victim of retaliatory employment actions, including reassignment from his calendar deputy position to a trial deputy position, being transferred to another courthouse, and denied a promotion.

In reversing the decision of the Court of Appeals for the Ninth Circuit, which had held that the Respondent's memorandum was a matter of public concern, the Supreme Court held that the Respondent's expressions were made pursuant to his duties as a calendar deputy.  The

Respondent was therefore not speaking as a citizen for First Amendment purposes, and the Constitution did not insulate his communications from employer discipline.

Pickering and the cases in its wake identify two (2) inquiries to guide interpretation of the constitutional protections accorded to public employee speech:

1.      Whether the employee spoke as a citizen on a matter of public concern;

    a.   If the answer is NO, the employee has no First Amendment cause of action on his employer's reaction to the speech.
    b.   If the answer is YES…

2.      Whether the relevant government entity had an adequate justification for treating the employee differently from any other member of the general public.

In Ceballos, in determining first that the Respondent did not speak as a citizen, the Court never reached the second inquiry in the Pickering analysis.

In addition, assuming the Plaintiff is able to meet the above thresholds, he must still demonstrate that his speech was a substantial or motivating factor for the alleged retaliation against him.  Mullin, 284 F.3d at 37-38.

The Plaintiff's First Amended Complaint goes into greater detail than its predecessor concerning the allegations that Downer made that could constitute protected speech.  First Amended Complaint, ¶¶ 11-31.

In reviewing the most-recent filing, it is clear that the Plaintiff's comments, even if not barred by the statute of limitations, do not rise to the level of speech by a citizen upon matters of public concern.  See Pickering v. Board of Education, 361 U.S. 563 (1968) (Court held impermissible under the First Amendment the dismissal of a high school teacher for openly criticizing the Board of Education on its allocation of school funds between athletics and education); Perry v. Sindermann, 408 U.S. 593 (1972) (failure to rehire a teacher in the state college system who had testified before committees of the Texas legislature and had become

involved in public disagreement over weather the college should be elevated to a four-year status—a change opposed by the Regents); <u>Mt. Healthy City Board of Ed.</u> v. <u>Doyle</u>, 429 U.S. 274 (1977) (a public school teacher was not rehired because, allegedly, he had relayed to a radio station the substance of a memorandum relating to teacher dress and appearance that the school principal had circulated to various teachers. The memorandum was apparently prompted by the view of some in the administration that there was a relationship between teacher appearance and public support for bond issues).

In <u>Pickering</u>, the subject was "a matter of legitimate public concern" upon which "free and open debate is vital to informed decision-making by the electorate." <u>Pickering</u>, 391 U.S. at 571-72. Here, the statements made by the Plaintiff involved nothing more than Downer expressing his personal and professional interests and opinions. His speech is far removed from an utterance made by a citizen and is more akin to statements made by a disgruntled member of a police department with an axe to grind. It would be disingenuous in the extreme for the Plaintiff to now contend that his statements relative to his desire to become Chief were efforts on his part as a citizen to bring attention to matters of public concern. Indeed, through <u>Pickering</u> and its progeny the Court has recognized "the importance of promoting the public's interest in receiving the well-informed views of government employees engaging in civic discussion." <u>Ceballos</u>, 547 U.S. at ___. No public interest is served in guarding the Plaintiff's comments that he would someday like to be Chief of the Town's Police Department.

Downer's statements concerning the operation of the DARE program and the quality of the officers of the Police Department and their work performance likewise were not made as a citizen but were made in the Plaintiff's capacity as a sergeant of the Town's Police Department. As a sergeant of the Police Department and an overseer of the rank-and-file uniformed officers, it

was one of the Plaintiff's inherent job duties to review the performance of those below him in

rank. If the Plaintiff were critical of those officers below him and were critical of their work

performance and ability, those comments are nothing more than expressions made pursuant to

his duties as a sergeant. As such, it cannot be said that the Plaintiff was speaking as a citizen for

First Amendment purposes. It would be further disingenuous in the extreme for Downer to now

contend that his statements relative to his desire to become Chief were efforts on his part to bring

attention to matters of public concern. As the Court stated in <u>Ceballos</u>:

> Employees who make public statements outside the course of
> performing their official duties retain some possibility of First
> Amendment protection because that is the kind of activity engaged
> in by citizens who do not work for the government. When a public
> employee speaks pursuant to employment responsibilities,
> however, there is no relevant analogue to speech by citizens who
> are not government employees.

Based upon the foregoing, Count I of the Plaintiff's First Amended Complaint should be

dismissed in its entirety.

E.    ANY CLAIMS UNDER 42 U.S.C. § 1983 AGAINST THE DEFENDANTS
      RELYING ON EVENTS OCCURRING PRIOR TO AUGUST 24, 2002, ARE
      BARRED BY THE STATUTE OF LIMITATIONS

The Supreme Court directs federal courts adjudicating civil rights claims under 42 U.S.C.

§ 1983 to borrow the statute of limitations applicable to personal injury actions under the law of

the forum state. <u>Wilson</u> v. <u>Garcia</u>, 471 U.S. 261, 276-80 (1985). In Massachusetts:

> "Except as otherwise provided, actions of tort…to recover for
> personal injuries…shall be commenced only within three (3) years
> next after the cause of action accrues." <u>See</u> G.L. c. 260, § 2A.

The question of when a cause of action accrues is a matter of federal law. <u>Rodriguez</u>

<u>Narveaz</u> v. <u>Nazario</u>, 895 F.2d 38, 41 (1st Cir. 1990). The accrual period for a § 1983 action

begins when the plaintiff knows or has reason to know of the injury which is the basis of the

action.  Torres v. Superintendent of Police, 893 F.2d 404, 407 (1st Cir. 1990).  A claim accrues

"when facts supportive of a civil rights action are or should be apparent to a reasonably prudent

person similarly situated."  See Corliss v. City of Fall River, 2005 WL 2861387 (D.Mass. 2005).

In the present case, viewing the facts in a light most favorable to Downer and without looking

beyond the four corners of Downer's Complaint, his cause of action accrued, i.e. the statutory

clock began to run, on August 9, 2001, the date on which he was demoted to patrolmen

subsequent to a lengthy disciplinary hearing.  It was on this date that Downer suffered injury

based upon the Town's alleged prejudicial actions towards the Plaintiff, Sawyer's alleged false

accusations, Hart and Mercier's alleged discriminatory actions towards Downer prior to and

during the disciplinary hearing, and the alleged unprecedented conspiracy to get the Plaintiff for

having spoken out about the DARE program, his fellow officers, and for saying that one day in

the future he would like to be Chief of the Town's Police Department.

        Indeed, all of the Plaintiff's new allegations of fact with respect to speech which the

Plaintiff opines is protected by the First Amendment occurred prior to the Town's imposition of

discipline in August 2001.  The limitations period began to run in August 2001, when the

Plaintiff suffered injury on account of the statements he made concerning his interest in

becoming Chief, and the criticisms he levied at the Department as a whole.  Unfortunately for the

Plaintiff, the instant suit alleging violations of 42 U.S.C. § 1983 was not filed until August 24,

2005, more than one (1) year after the expiration of the three (3) year statute of limitations.

        It cannot be said that the Plaintiff's cause of action accrued in May 2005 when the

Town's disciplinary sanction was overturned by the Civil Service Commission.  Judges

confronting § 1983 actions "must consult federal law in order to fix the point in time from which

the limitations period begins to accrue."  Jonker v. Kelley, 268 F.Supp.2d 81, 85 (D.Mass. 2003);

quoting <u>Morris</u> v. <u>Gov't Dev. Bank of Puerto Rico</u>, 27 F.3d 746, 748 (1st Cir. 1994).  In assessing

the applicable date, the Supreme Court "takes a hard line on when civil rights claims for relief

accrue.  If there is more than one plausible alternative, the Supreme Court appears to be strongly

inclined to pick the earlier date." <u>Id</u>.; Martin A. Schwartz & John E. Kirklin, 1C § 1983

*Litigation: Claims & Defenses,* § 12.14 at 13 (3d ed.1997).  In the First Circuit, this means that

"a § 1983 claim accrues at the moment the plaintiff knows, or has reason to know, of the injury

that is the basis for the claim." <u>Id</u>.; <u>Nieves</u> v. <u>McSweeney</u>, 241 F.3d 46, 52 (1st Cir. 2001).

The decision at the Civil Service Commission did not trigger the Plaintiff's awareness of

the injury.  Relevant Federal and State precedent supports this rational position.  <u>See</u> <u>Campanella</u>

<u>& Cardi Constr. Co.</u> v. <u>Commonwealth</u>, 351 Mass. 184, 187 n. 4, 217 N.E.2d 925 (1966)

(running of statute was not suspended by the possibility of an administrative settlement); <u>Hemric</u>

v. <u>Reed & Prince Mfg. Co.</u>, 739 F.2d 1, 3-4 (1st Cir.1984) (statute of limitations on negligence

action not tolled during the pendency of workers' compensation proceedings); <u>Ball</u> v. <u>Carroll</u>,

932 F.Supp. 388, 390-391 (D.Mass.1996), affirmed, 107 F.3d 1 (1st Cir.1997) (statute of

limitations in § 1983 action not tolled while claim was pending before executive officer); <u>Burns</u>

v. <u>Lamoine</u>, 43 F.Supp.2d 63, 69 (D.Me.1999) (§ 1983 action accrued on the date that the

owners received notice of permit revocation; the plaintiffs were not required to exhaust their

State administrative remedies before bringing action).

Here, the Plaintiff was aware of the alleged actions of the Defendants during the internal

investigation and the subsequent disciplinary hearing.  Counsel admitted as such at the May 2006

Motion Hearing.  Indeed, the Plaintiff accuses the Defendants of various misdeeds prior in time

to the hearing that he alleges resulted in his disciplinary sanction.  <u>First Amended Complaint</u>, ¶¶

32-50.  These various misdeeds came to a head and resulted in Downer's demotion in August

2001.  Downer's cause of action accrued at that time.  At that time Downer was well aware of the alleged actions of all the Defendants, having participated in the investigation, attended the disciplinary hearing, and thereafter been disciplined in August 2001.

Not only is the length of the limitations period to be governed by state law, so too are closely related questions of tolling.  Wilson v. Garcia, 471 U.S. 261, 269 (1985).  Equitable tolling is applicable where the prospective plaintiff did not have and could not have had with due diligence, the information to bring suit in order to assert his legal rights.  Wynn & Wynn, P.C. v. Massachusetts Comm'n Against Discrimination, 431 Mass. 655, 673 (2000).  According to the Supreme Court:

> "Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights."  Jonker, 268 F.Supp.2d at 85-86; quoting  Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) (citations and footnote omitted).

It is the plaintiff's burden to prove that tolling is warranted.  Rivera-Gomez v. de Castro, 900 F.2d 1, 3 (1st Cir.1990).   As a threshold matter, the Plaintiff was possessed of the requisite information to bring suit after his demotion in August 2001.  Equitable tolling of the statute of limitations is therefore not available to him.  Notwithstanding the foregoing, Downer, in any event, has not satisfied the burden of proving that tolling of the limitations period is warranted. This case does not involve a "defective pleading" and the Complaint does not allege that the Defendants tricked Downer into missing the deadline.

Neither can Downer's claim under 42 U.S.C. § 1983 survive on the theory that the Defendants' actions amount to continuing torts against him.  It is not disputed that the Defendants participated in Downer's appeal of the disciplinary sanction to the Civil Service Commission.  Mercier, Hart, and Sawyer testified on behalf of the Town and were subject to cross examination by Downer's attorney at the hearing.  The Defendants' continued participation at the Civil Service Commission cannot permit Downer from escaping the three (3) year limitations period.  In Massachusetts the 'continuing tort' theory is confined to instances of nuisance and trespass.  See John Beaudette, Inc. v. Sentry Ins. A Mut. Co., 94 F.Supp.2d 77, 107 (D.Mass. 1999); White Farm's Dairy, Inc. v. De Laval Separator Company, 433 F.2d 63, 67 (1st Cir. 1970).  The reluctance of Massachusetts courts to extend the theory beyond nuisance and trespass actions "is based upon a strong judicial preference to adhere to the purposes and policies of the statute of limitations."  Flotech, Inc. v. E.I. DuPont de Nemours Company, 627 F.Supp. 358, 363 (D.Mass. 1985); See Olsen v. Bell Telephone Laboratories, 388 Mass. 171 (1983); Wells v. New Haven & Northampton Co., 151 Mass. 46 (1890); Ahearn v. Warner, 16 Mass.App.Ct. 223 (1983).

For the foregoing reasons Count II of the Complaint should be dismissed.

F.    PLAINTIFF HAS FAILED TO STATE A CLAIM FOR RELIEF UNDER §1983

In Count II of his Complaint, Downer asserts that he is entitled to relief under 42 U.S.C. §1983 for Defendants' retaliating against and attempts to terminate Downer's employment on account of his exercise of his First Amendment rights of free speech.  Complaint, ¶ 63.

A claim under § 1983 has two essential elements.  First, the challenged conduct must be attributable to a person acting under color of state law and second, the conduct must have worked a denial of rights secured by the Constitution or by federal law.  Soto v.

Flores, 103 F.3d 1056, 1061 (1st Cir. 1997) cert. denied, 522 U.S. 819 (1997) citing Martinez v.

Colon, 54 F.3d 980, 984 (1st Cir.) cert. denied, 516 U.S. 987 (1995).  Under the second element,

a plaintiff is required to prove not only a deprivation of a right, but also that the defendant's

conduct was a cause in fact of the alleged deprivation.  Id. at 1062 citing Maldonado Santiago v.

Velazquez Garcia, 821 F.2d 822, 831 (1st Cir.1987).  In an action pursuant to § 1983, there can

be no municipal liability under a respondeat superior theory.  Fabiano v. Hopkins, 352 F.3d 447,

452 (1st Cir. 2003) citing Monell v. Dept. of Soc. Servs., 436 U.S. 658, 690-95 (1978).  Rather,

to establish liability against a municipality, a plaintiff must prove deprivation of a constitutional

right by means of "the execution of the government's policy or custom."  Id. citing City of

Canton v. Harris, 489 U.S. 378, 385 (1989).  It is well-established that a suit brought against

municipal officials in their official capacities is tantamount to a claim against the municipality.

Canney v. City of Chelsea, 925 F.Supp. 58, 69 (D. Mass. 1996) citing Kentucky v. Graham, 473

U.S. 159, 166 (1985).

        1.     Plaintiff cannot recover for an "attempt" by the Defendants
                  to terminate him.

To the extent that the Plaintiff has asserted a § 1983 claim against Mercier, Hart, and

Sawyer for having "attempted to terminate" Plaintiff's employment, such claim must fail as §

1983 requires that the conduct in question to have worked a denial of his rights.  See Complaint,

¶ 63; Soto v. Flores, 103 F.3d at 1061.  The Plaintiff simply cannot recover for an "attempted"

termination under § 1983.  Id.

        2.     Plaintiff has failed to identify any right depriving policy or
                  custom of the Town.

As for Plaintiff's §1983 claims against the Town and the individual defendants in their

official capacities, those claims also must fail as Plaintiff has not identified any policy or custom

of the Town which resulted in the purported deprivation of his rights.  See <u>Fabiano</u>, 352 F.3d at

452.  The First Circuit requires a heightened degree of specificity to withstand a motion to

dismiss in civil rights cases.  See <u>United States</u> v. <u>AVX Corporation</u>, 962 F.2d 108, 115 (1st Cir.

1992) <u>citing</u> <u>Dewey</u> v. <u>University of New Hampshire</u>, 694 F.2d 1, 3 (1st Cir. 1982) <u>cert. denied</u>,

461 U.S. 944 (1983).  Specifically, the court stated that "[i]t is not enough to allege a general

scenario which could be dominated by unpleaded facts nor merely to allege without specification

that defendants used their powers generally with respect to various governmental bodies to

plaintiff's prejudice…"  <u>Dewey</u>, 694 F.2d at 3 (citations omitted).

Since in the instant matter the Plaintiff has failed to identify the policy or custom with

specificity that was maintained by the Town that supposedly resulted in the alleged deprivation

of his right to free speech, his §1983 claim against the Town and the individual defendants in

their official capacities must be dismissed.  See <u>Fabiano</u>, 352 F.3d at 452.

3.    Downer has failed to make out a First Amendment Claim
      against Mercier, Hart, or Sawyer in their individual
      capacities

As for the free speech portion of the Plaintiff's § 1983 claim, dismissal of it is warranted

for the same reasons detailed in Section D above.  Again, in order to make out a claim against

Mercier, Hart, and Sawyer individually for deprivation of his right to free speech, the Plaintiff

must demonstrate that the speech at issue involved "matters of public concern."  <u>Mullin</u> v. <u>Town</u>

<u>of Fairhaven</u>, 284 F.3d 31, 37-38 (1st Cir. 2002) <u>quoting</u> <u>Connick</u> v. <u>Myers</u>, 461 U.S. 138, 147-48

(1983).  More importantly, the Plaintiff must prove that he spoke as a citizen upon a matter of

public concern.  See <u>Ceballos</u>, 547 U.S. at ___.  The Plaintiff's speech, again, simply was not

made by the Plaintiff in his capacity as a citizen.  He was clearly airing grievances in his capacity

as a police sergeant which focused upon his fellow employees and his subjective perception that they were not performing their duties adequately.

For the foregoing reasons Count II of the First Amended Complaint should be dismissed.

F.    DOWNER'S CLAIMS OF INTERFERENCE WITH A CONTRACT; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; DEFAMATION; CONSPIRACY; AND PLAINTIFF NANCY DOWNER'S CLAIM FOR LOSS OF CONSORTIUM.

With respect to the above-captioned claims preferred by the Plaintiff in his initial Complaint and subsequently re-filed with the First Amended Complaint, the Defendants rely upon and incorporate by reference the arguments made in their Memorandum of Law in support of their motion to dismiss the Plaintiff's Complaint filed with this Court on November 29, 2005.

III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that all claims against them in this matter be dismissed in their entirety.

DEFENDANTS,
TOWN OF BURLINGTON, ROBERT
MERCIER, FRANCIS HART, and HARRY
SAWYER,
By their attorneys,


_____
David C. Jenkins (BBO# 251000)
Brian M. Maser (BBO# 655667)
Kopelman and Paige, P.C.
101 Arch Street
12th Floor
Boston, MA  02110
(617) 556-0007

Date:   June 15, 2006

284071/METG/0651